# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **A.L.**

**No. 18-0961** (Randolph County 2017-JA-098)

**FILED**

**April 19, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother J.C., by counsel J. Brent Easton, appeals the Circuit Court of Randolph County's September 20, 2018, order terminating her parental rights to A.L.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Timothy H. Prentice, filed a response on behalf of the child, also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her request for a post-dispositional improvement period and terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2017, the DHHR filed a child abuse and neglect petition against petitioner and the father. According to the petition, the DHHR received referrals alleging domestic violence between the parents, in the presence of the child. Upon investigating the matter, the DHHR learned that petitioner and the father had a history of domestic violence claims dating back several months, including at least nine instances of law enforcement intervention. However, both petitioner and the father denied engaging in domestic violence. The petition indicated that petitioner refused to obtain a domestic violence protection order because she "didn't want to get into trouble." Additionally, the DHHR alleged that the child had a scalp hematoma, which the parents were unable to explain. Petitioner waived her preliminary hearing.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

The circuit court held an adjudicatory hearing in January of 2018, wherein petitioner stipulated to the allegations contained in the petition. The circuit court accepted petitioner's stipulation, adjudicated her as an abusing parent, and granted her a post-adjudicatory improvement period.

At a status review hearing held in May of 2018, the circuit court found that the parents were not fully participating in their improvement periods. While petitioner was participating "a bit more consistently" than the father, the circuit court still found that she was participating minimally in her improvement period. By July of 2018, petitioner was still only "partially" participating in her improvement period. The circuit court noted that petitioner and the father remained a couple, but petitioner stated her intent to separate from the father. In a final review hearing held in August of 2018, the DHHR reported that petitioner was homeless and unemployed and had not consistently participated in her improvement period. Indeed, petitioner conceded that she had not successfully completed her improvement period. The circuit court scheduled the dispositional hearing.

Later in August, the circuit court held a dispositional hearing. Although evidence established that petitioner provided approximately forty negative drug screens from February of 2018 to the time of the dispositional hearing, a Child Protective Services ("CPS") worker testified that petitioner failed to comply with the random call-in system, resulting in several missed screens. Despite petitioner's cooperation with services such as parenting and adult life skills, a service provider testified that petitioner lost her job, became homeless, and began living under a bridge. The provider stated that petitioner refused to go to a homeless shelter because she experienced anxiety over being separated from the father and having to obey a curfew. Further, petitioner indicated at the hearing that she did not intend to separate from the father. Petitioner did search for jobs and, at times, cooperated with supervised visitation, but missed several visits. Ultimately, the testimony established that petitioner had not maintained a safe living environment or achieved financial stability. Petitioner requested additional time to complete her improvement period and testified that she would comply with any terms and conditions.

After hearing evidence, the circuit court found that, despite petitioner's effort at times, she failed to comply with her improvement period. Petitioner failed to fully participate in the random call-in program for drug screens and did not complete her Healthy Relationships class. Most importantly, petitioner failed to address her biggest problem, domestic violence, and was presently unwilling or unable to provide adequately for the child's needs. The circuit court further found that there was no reasonable likelihood that petitioner could correct the conditions of abuse or neglect in the near future and that the child needed permanency. As such, the circuit court terminated petitioner's parental rights. It is from the September 20, 2018, dispositional order that petitioner appeals.[2]

The Court has previously established the following standard of review in cases such as this:

---

[2]The parents' parental rights were terminated below. The child was placed in the home of a foster family and the permanency plan is adoption therein.

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in denying her motion for a post-dispositional improvement period because she testified that she would fully comply with the terms and conditions thereof. Further, she argues that she completed "some" of the terms and conditions of her post-adjudicatory improvement period and insists that the circuit court erred in focusing on her failures rather than her active participation over the course of six months. We disagree.

Pursuant to West Virginia Code § 49-4-610(3)(D), a circuit court may grant a post-dispositional improvement period when

[s]ince the initiation of the proceeding, the [parent] has not previously been granted any improvement period or the [parent] demonstrates that since the initial improvement period, the [parent] has experienced a substantial change in circumstances. Further, the [parent] shall demonstrate that due to that change in circumstances, the [parent] is likely to fully participate in the improvement period.

Here, petitioner was granted a six-month post-adjudicatory improvement period in February of 2018. As such, she was required to demonstrate a substantial change in circumstances in addition to a likelihood of fully participating in an improvement period in order to be granted a post-dispositional improvement period. However, in her brief on appeal, petitioner does not indicate where in the record she established any substantial change in her circumstances. Moreover, she fails to demonstrate that she was likely to fully participate in an improvement period. Indeed, the record demonstrates, and petitioner concedes, that she did not fully participate in several services granted through her post-adjudicatory improvement period. Although petitioner participated to some extent, she failed to obtain and maintain suitable housing and employment; failed to participate in the random call-in program for drug screens, which resulted in missed screens; missed visits with the child; failed to complete her Healthy Relationships class or attend individualized counseling; and failed to address her issues with domestic violence. As such, we find no error in the circuit court's decision to deny petitioner a post-dispositional improvement

period as she failed to establish a substantial change in circumstances or that she was likely to fully participate in a post-dispositional improvement period.

Petitioner next assigns as error the circuit court's decision to terminate her parental rights. However, petitioner merely lists the assignment of error and provides absolutely no text, including argument or citations, underneath the heading. This failure is in direct contradiction of this Court's Rules of Appellate Procedure and specific directions issued by administrative order.

Specifically, Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that

> [t]he brief must contain *an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on . . . [and] must contain appropriate and specific citations to the record on appeal . . . .* The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

(Emphasis added). Additionally, in an Administrative Order entered December 10, 2012, Re: Filings That Do Not Comply With the Rules of Appellate Procedure, the Court specifically noted "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented and do not 'contain appropriate and specific citations to the record on appeal . . .' as required by rule 10(c)(7)" are not in compliance with this Court's rules. "A skeletal 'argument,' really nothing more than an assertion, does not preserve a claim. . . . Judges are not like pigs, hunting for truffles buried in briefs." *State v. Kaufman*, 227 W. Va. 537, 555, n.39, 711 S.E.2d 607, 625, n.39 (2011) (quoting *U.S. v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)). Accordingly, this Court will not address this assignment of error on appeal.

For these reasons, we find no error in the decision of the circuit court, and its September 20, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**:  April 19, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison